UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DEREK JOHNSON and ELDRIDGE COOPER, on behalf of themselves and those similarly situated,** | **CASE NO.:** |
| **Plaintiffs,** | |
| vs. | |
| **FLOOD BROTHERS, INC., A GEORGIA CORPORATION, AND JOHN FLOOD, INDIVIDUALLY,** | |
| **Defendants.** _____/ | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, DEREK JOHNSON and ELDRIDGE COOPER, on behalf of themselves and those similarly situated, by and through the undersigned attorney, sue the Defendants, FLOOD BROTHERS, INC., a Georgia Corporation, and JOHN FLOOD, Individually, and allege:

1. Plaintiffs were employees of Defendants and bring this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff Johnson worked for Defendants from approximately May 2007 to

1

June 2015 in their operations department.

3. For the majority of his employment, Plaintiff Johnson was paid by the hour by Defendants.

4. For an approximate six month period from late 2014 to early 2015, Plaintiff Johnson was paid a salary.

5. During the remaining and previous times of his employment, Plaintiff Johnson was paid by the hour.

6. Plaintiff Cooper worked for Defendants from approximately March 2013 to May 2015 in the operations department.

7. Plaintiff Cooper was paid by the hour during his employment with Defendants.

8. Plaintiffs worked for Defendants based out of Atlanta, Georgia.

9. Defendant, FLOOD BROTHERS, INC., is a Georgia Corporation that operates and conducts business in, among other locations, Atlanta, Georgia and is therefore within the jurisdiction of this Court.

10. At all times relevant to this action, JOHN FLOOD was an individual resident of the State of Georgia, who owned and operated FLOOD BROTHERS, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of FLOOD BROTHERS, INC.  By virtue of having regularly exercised that authority on behalf of

FLOOD BROTHERS, INC., JOHN FLOOD is an employer as defined by 29 U.S.C. § 201, et seq.

11. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

12. This action is intended to include all other similarly situated employees of Defendants who were paid by the hour without complete overtime compensation for overtime hours worked.

13. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

14. During Plaintiffs' employment with Defendants, Defendant, FLOOD BROTHERS, INC., earned more than $500,000.00 per year in gross sales.

15. During Plaintiffs' employment with Defendants, Defendant, FLOOD BROTHERS, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

16. Included in such goods, materials and supplies were computers, telephones, vehicles, office equipment and furniture, modular systems, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

17. Therefore, Defendant, FLOOD BROTHERS, INC., is considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

18. At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiffs and other similarly situated employees complete and proper overtime compensation for overtime hours worked by them.

19. Specifically, when Plaintiffs were paid by the hour, they routinely worked overtime hours for Defendants.

20. However, even though Plaintiffs and other similarly situated employees worked overtime hours for Defendants, Defendants would still only pay them their regular hourly wage, as opposed to time and one-half the hourly wage for overtime hours worked.

21. As a result of this practice, Defendants have violated the FLSA by failing to pay complete overtime compensation to Plaintiffs and other similarly situated employees for all overtime hours worked by them.

22. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs and those similarly situated employees are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

23. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-22 above.

24. Plaintiffs were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

4

25. During their employment with Defendants, Plaintiffs and those similarly situated employees worked overtime hours but were only paid their regular hourly rate for such overtime hours and not time and one-half of their hourly rate.

26. Defendants did not have a good faith basis for their decision to only pay Plaintiffs and those similarly situated employees straight time for their overtime hours worked.

27. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs and those similarly situated employees complete overtime compensation for overtime hours worked, Plaintiffs and those similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

28. As a result of Defendants' willful violation of the FLSA, Plaintiffs and the similarly situated employees are entitled to liquidated damages.

29. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, DEREK JOHNSON and ELDRIDGE COOPER, on behalf of themselves and those similarly situated, demand judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 20th day of April, 2016.

/s/ C. RYAN MORGAN_____
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:    (407) 245-3401
Email: RMorgan@forthepeople.com
***Attorneys for Plaintiff***