*Exhibit A*

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered by and between Derek Johnson, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns  (hereinafter referred to collectively as "Johnson") and FLOOD BROTHERS, INC., a Georgia Corporation, and JOHN FLOOD, Individually, and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties").  Throughout this Agreement, Johnson and The Released Parties shall collectively be referred to as the "Parties."  This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Johnson.

WHEREAS, Johnson was employed by FLOOD BROTHERS, INC., a Georgia Corporation, and JOHN FLOOD, Individually, and

WHEREAS, Johnson has alleged unlawful employment practices in violation of Federal law against The Released Parties by filing a lawsuit entitled *DEREK JOHNSON and ELDRIDGE COOPER, on behalf of themselves and those similarly situated, Plaintiff, vs. FLOOD BROTHERS, INC., a Georgia Corporation, and JOHN FLOOD, Individually, Defendant, Case No. 1:16-cv-01289-ELR,* allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.     The Released Parties agree to pay to Johnson the total amount of Six Thousand Seven Hundred Fifty Dollars ($6,750.00), which includes attorneys' fees and costs, allocated as follows:

        A.     A payroll check in the amount of $2,750.00 made payable to DEREK JOHNSON representing unpaid overtime wages. This amount shall be treated as wages with the applicable taxes and legal deductions made;

        B.     A check in the amount of $2,750.00 made payable to DEREK JOHNSON, representing liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued; and

        C.     A check in the amount of $1,250.00, made payable to his attorneys, Morgan & Morgan, P.A. for attorney's fees and costs.

The settlement payments described above will be due in Plaintiff's counsel's office (c/o Ryan Morgan, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801) within seven (7) days of the Order granting the Parties' Joint Motion to Approve Settlement.

2.     Upon execution of the Agreements by all Parties, the Parties agree to file a Joint Motion to Approve Settlement before the District Court referenced above seeking approval of the settlement agreement and dismissal of the action with prejudice.

3.     Johnson agrees that this is a disputed claim and represents that upon receipt of all payments described above, he will have released his claim for overtime compensation and related damages under the Fair Labor Standards Act, 29 U.S.C. § 201 et al.

4.     By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

5.      Johnson agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties. Johnson further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law. If any prospective employer contacts The Released Parties regarding Johnson, The Released Parties will give a neutral reference indicating only Johnson's dates of employment, pay rate and position.

6.      Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

7.      Johnson represents and warrants that he is authorized to enter into and that he has the authority to perform the terms of this Agreement. Johnson represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

8.      If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

9.      This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same

3

instrument.  Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

10.     This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

11.     In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity.  The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

12.     This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

13.     Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

14.     The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement.  No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

15.     The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been

entered into.  The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

16.    Johnson acknowledges that he has been advised to consult an attorney prior to signing this agreement.  Johnson understands that whether or not he consults with an attorney is his decision.  In this respect, Johnson has consulted with and been advised by C. Ryan Morgan, Esquire in this matter who has explained to him all of his options in connection with this Agreement.

17.    This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.   This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: _9-29-2016_        _____
                         DEREK JOHNSON


                         FLOOD BROTHERS, INC., a Georgia
                         Corporation


Date: _____  _____
                         Sign:

                         _____
                         Print Name:
                         Representative of FLOOD BROTHERS,
                         INC., a Georgia Corporation

5

JOHN FLOOD, Individually

Date: _____

_____

Sign:

_____

Print Name:
JOHN FLOOD, Individually

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered by and between Eldridge Cooper, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns   (hereinafter referred to collectively as "Cooper") and FLOOD BROTHERS, INC., a Georgia Corporation, and JOHN FLOOD, Individually, and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties").  Throughout this Agreement, Cooper and The Released Parties shall collectively be referred to as the "Parties."  This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Cooper.

WHEREAS, Cooper was employed by FLOOD BROTHERS, INC., a Georgia Corporation, and JOHN FLOOD, Individually, and

WHEREAS, Cooper has alleged unlawful employment practices in violation of Federal law against The Released Parties by filing a lawsuit entitled *DEREK JOHNSON and ELDRIDGE COOPER, on behalf of themselves and those similarly situated, Plaintiff, vs. FLOOD BROTHERS, INC., a Georgia Corporation, and JOHN FLOOD, Individually, Defendant, Case No. 1:16-cv-01289-ELR,* allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.      The Released Parties agree to pay to Cooper the total amount of Six Thousand Seven Hundred Fifty Dollars ($6,750.00), which includes attorneys' fees and costs, allocated as follows:

> A.      A payroll check in the amount of $2,750.00 made payable to ELDRIDGE COOPER representing unpaid overtime wages.  This amount shall be treated as wages with the applicable taxes and legal deductions made;

> B.      A check in the amount of $2,750.00 made payable to ELDRIDGE COOPER, representing liquidated damages.  No deductions shall be made from this check and a Form 1099 shall be issued; and

> C.      A check in the amount of $1,250.00, made payable to his attorneys, Morgan & Morgan, P.A. for attorney's fees and costs.

The settlement payments described above will be due in Plaintiff's counsel's office (c/o Ryan Morgan, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801) within seven (7) days of the Order granting the Parties' Joint Motion to Approve Settlement.

2.      Upon execution of the Agreements by all Parties, the Parties agree to file a Joint Motion to Approve Settlement before the District Court referenced above seeking approval of the settlement agreement and dismissal of the action with prejudice.

3.      Cooper agrees that this is a disputed claim and represents that upon receipt of all payments described above, he will have released his claim for overtime compensation and related damages under the Fair Labor Standards Act, 29 U.S.C. § 201 et al.

4.      By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

2

5.      Cooper agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties.  Cooper further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law.  If any prospective employer contacts The Released Parties regarding Cooper, The Released Parties will give a neutral reference indicating only Cooper's dates of employment, pay rate and position.

6.      Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

7.      Cooper represents and warrants that he is authorized to enter into and that he has the authority to perform the terms of this Agreement.  Cooper represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

8.      If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

9.      This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

3

10.     This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

11.     In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity.  The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

12.     This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

13.     Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

14.     The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement.  No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

15.     The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into.  The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

4

16.     Cooper acknowledges that he has been advised to consult an attorney prior to signing this agreement.  Cooper understands that whether or not he consults with an attorney is his decision.  In this respect, Cooper has consulted with and been advised by C. Ryan Morgan, Esquire in this matter who has explained to him all of his options in connection with this Agreement.

17.     This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.   This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: _9 / 2 8 / 16_____          _____
                                 ELDRIDGE COOPER


                                 FLOOD BROTHERS, INC., a Georgia
                                 Corporation

Date: _____       _____
                                 Sign:

                                 _____
                                 Print Name:
                                 Representative of FLOOD BROTHERS,
                                 INC., a Georgia Corporation

5

JOHN FLOOD, Individually

Date: _____

Sign: _____

Print Name: _____
JOHN FLOOD, Individually

6

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered by and between James Elder, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns   (hereinafter referred to collectively as "Elder") and FLOOD BROTHERS, INC., a Georgia Corporation, and JOHN FLOOD, Individually, and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties").  Throughout this Agreement, Elder and The Released Parties shall collectively be referred to as the "Parties."  This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Elder.

WHEREAS, Elder was employed by FLOOD BROTHERS, INC., a Georgia Corporation, and JOHN FLOOD, Individually, and

WHEREAS, Elder has alleged unlawful employment practices in violation of Federal law against The Released Parties by joining a lawsuit entitled *DEREK JOHNSON and ELDRIDGE COOPER, on behalf of themselves and those similarly situated, Plaintiff, vs. FLOOD BROTHERS, INC., a Georgia Corporation, and JOHN FLOOD, Individually, Defendant, Case No. 1:16-cv-01289-ELR,* allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.      The Released Parties agree to pay to Elder the total amount of Five Thousand Two Hundred Fifty Dollars ($5,250.00), which includes attorneys' fees and costs, allocated as follows:

        A.      A payroll check in the amount of $2,000.00 made payable to JAMES ELDER representing unpaid overtime wages.  This amount shall be treated as wages with the applicable taxes and legal deductions made;

        B.      A check in the amount of $2,000.00 made payable to JAMES ELDER, representing liquidated damages.  No deductions shall be made from this check and a Form 1099 shall be issued; and

        C.      A check in the amount of $1,250.00, made payable to his attorneys, Morgan & Morgan, P.A. for attorney's fees and costs.

The settlement payments described above will be due in Plaintiff's counsel's office (c/o Ryan Morgan, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801) within seven (7) days of the Order granting the Parties' Joint Motion to Approve Settlement.

2.      Upon execution of the Agreements by all Parties, the Parties agree to file a Joint Motion to Approve Settlement before the District Court referenced above seeking approval of the settlement agreement and dismissal of the action with prejudice.

3.      Elder agrees that this is a disputed claim and represents that upon receipt of all payments described above, he will have released his claim for overtime compensation and related damages under the Fair Labor Standards Act, 29 U.S.C. § 201 et al.

4.      By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

2

5.      Elder agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties. Elder further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law. If any prospective employer contacts The Released Parties regarding Elder, The Released Parties will give a neutral reference indicating only Elder's dates of employment, pay rate and position.

6.      Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

7.      Elder represents and warrants that he is authorized to enter into and that he has the authority to perform the terms of this Agreement. Elder represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

8.      If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

9.      This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

3

10.    This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

11.    In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity.  The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

12.    This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

13.    Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

14.    The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement.  No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

15.    The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into.  The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

4

16.     Elder acknowledges that he has been advised to consult an attorney prior to signing this agreement.  Elder understands that whether or not he consults with an attorney is his decision.  In this respect, Elder has consulted with and been advised by C. Ryan Morgan, Esquire in this matter who has explained to him all of his options in connection with this Agreement.

17.     This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.   This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: _9/29/16_____          _____
                               JAMES ELDER


                               FLOOD BROTHERS, INC., a Georgia
                               Corporation

Date: _____          _____
                               Sign:

                               _____
                               Print Name:
                               Representative of FLOOD BROTHERS,
                               INC., a Georgia Corporation

JOHN FLOOD, Individually

Date: _____

_____
Sign:

_____
Print Name:
JOHN FLOOD, Individually

6

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered by and between Taurus Hamilton, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns  (hereinafter referred to collectively as "Hamilton") and FLOOD BROTHERS, INC., a Georgia Corporation, and JOHN FLOOD, Individually, and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Hamilton and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Hamilton.

WHEREAS, Hamilton was employed by FLOOD BROTHERS, INC., a Georgia Corporation, and JOHN FLOOD, Individually, and

WHEREAS, Hamilton has alleged unlawful employment practices in violation of Federal law against The Released Parties by joining a lawsuit entitled *DEREK JOHNSON and ELDRIDGE COOPER, on behalf of themselves and those similarly situated, Plaintiff, vs. FLOOD BROTHERS, INC., a Georgia Corporation, and JOHN FLOOD, Individually, Defendant, Case No. 1:16-cv-01289-ELR*, allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.      The Released Parties agree to pay to Hamilton the total amount of Four Thousand Two Hundred Fifty Dollars ($4,250.00), which includes attorneys' fees and costs, allocated as follows:

        A.      A payroll check in the amount of $1,500.00 made payable to TAURUS HAMILTON representing unpaid overtime wages. This amount shall be treated as wages with the applicable taxes and legal deductions made;

        B.      A check in the amount of $1,500.00 made payable to TAURUS HAMILTON, representing liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued; and

        C.      A check in the amount of $1,250.00, made payable to his attorneys, Morgan & Morgan, P.A. for attorney's fees and costs.

The settlement payments described above will be due in Plaintiff's counsel's office (c/o Ryan Morgan, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801) within seven (7) days of the Order granting the Parties' Joint Motion to Approve Settlement.

2.      Upon execution of the Agreements by all Parties, the Parties agree to file a Joint Motion to Approve Settlement before the District Court referenced above seeking approval of the settlement agreement and dismissal of the action with prejudice.

3.      Hamilton agrees that this is a disputed claim and represents that upon receipt of all payments described above, he will have released his claim for overtime compensation and related damages under the Fair Labor Standards Act, 29 U.S.C. § 201 et al.

4.      By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

5.      Hamilton agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties. Hamilton further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law.  If any prospective employer contacts The Released Parties regarding Hamilton, The Released Parties will give a neutral reference indicating only Hamilton's dates of employment, pay rate and position.

6.      Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

7.      Hamilton represents and warrants that he is authorized to enter into and that he has the authority to perform the terms of this Agreement.  Hamilton represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

8.      If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

3

9.      This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

10.     This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

11.     In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity.  The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

12.     This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

13.     Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

14.     The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement.  No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

15.     The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into.  The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

16.     Hamilton acknowledges that he has been advised to consult an attorney prior to signing this agreement.  Hamilton understands that whether or not he consults with an attorney is his decision.  In this respect, Hamilton has consulted with and been advised by C. Ryan Morgan, Esquire in this matter who has explained to him all of his options in connection with this Agreement.

17.     This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.   This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: _9 - 29 - 2016_                                      TAURUS HAMILTON

                                                            FLOOD BROTHERS, INC., a Georgia
                                                            Corporation

Date: _____                        _____

                                                            Sign: _____

                                                            _____
                                                            Print Name: _____
                                                            Representative of FLOOD BROTHERS,
                                                            INC., a Georgia Corporation

5

JOHN FLOOD, Individually

Date: _____

_____

Sign:

_____

Print Name:
JOHN FLOOD, Individually